IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA     *
                             *
    v.                       *          CR 113-220
                             *
GILBERTO FABONA GAONA        *

---

O R D E R

---

On October 14, 2015, this Court denied Defendant relief under 18 U.S.C. § 3582(c)(2) after a thorough review of the applicability of Amendment 782 to the United States Sentencing Guidelines. Amendment 782 amended the drug quantity tables of U.S.S.G. § 2D1.1, thus reducing the guideline range for offenders sentenced thereunder. In denying Defendant relief, the Court determined that Defendant was not eligible for a reduction because the statutory minimum term of 120 months was applicable to his case, and therefore his sentence could not be reduced below that term.

Presently, Defendant has filed a motion for reconsideration of the Order of October 14, 2015. Defendant insists that Amendment 782 reduced his guideline range. Defendant is not entirely wrong; he just is not entitled to the relief he seeks.

Defendant pleaded guilty to a conspiracy to distribute

and possess with intent to distribute 50 grams or more of methamphetamine. At sentencing, his guideline range was determined to be 120 to 135 months because the statutory minimum for the crime he committed is ten years (120 months), see 21 U.S.C. § 841(b)(1)(A). Amendment 782 did not change the applicable statutory minimum. In fact, the Sentencing Commission does not have the authority to nullify a Congressionally-mandated term of imprisonment. See United States v. Feauto, 146 F. Supp. 3d 1022 (N.D. Iowa 2015) (thoroughly discussing this issue). So, while Amendment 782 may affect Defendant's initial calculations under U.S.S.G. § 2D1.1, it does not lower his guideline range because that range is now established solely by the mandatory minimum term of 10 years. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, **the statutorily required minimum sentence shall be the guideline sentence**." (emphasis added)); United States v. Hope, 642 F. App'x 961, 964 (11th Cir. 2016) ("An amendment has no effect on a guideline range set solely by a statutory mandatory minimum under U.S.S.G. § 5G1.1(b).") Thus, because the statutory mandatory minimum sentence is higher than the maximum of any amended guideline range, the statutory minimum of 10 years (120 months) becomes Defendant's guideline range.

Upon the foregoing, Defendant's motion for reconsideration of the denial of a sentence reduction under § 3582(c)(2) (doc. 488) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___12ᵗʰ___ day of September, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA